IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 24-cv-2235-TC-TJJ |
| | ) |
| 10TH JUDICIAL DISTRICT, JOHNSON | ) |
| COUNTY, KANSAS DISTRICT COURT, | ) |
| | ) |
| Defendant. | ) |

**ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS**

This matter is before the Court on Defendant's Motion for Stay (ECF No. 22). Defendant requests an order staying all discovery and other related Rule 26 deadlines, proceedings, and requirements in this case—including the obligation to attend a scheduling conference and to issue or respond to any discovery—pending the Court's resolution of Defendant's pending Motion to Dismiss (ECF No. 18) filed on July 12, 2024. In support of its motion, Defendant argues a stay is appropriate in this case as its motion seeks dismissal on a jurisdictional basis and the requested stay will ultimately allow this action to proceed in a more orderly fashion saving the resources of the Court and the parties. Defendant further argues that no harm would inure to the parties as a result of the requested stay as it is of very limited duration and would not significantly delay this litigation. Plaintiff Escalante, proceeding *pro se*, filed his response in opposition (ECF No. 30), arguing that a stay of the case or discovery significantly and unfairly prejudices him. For the reasons discussed below, the Court grants the motion.

**I.      Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound

1

discretion of the trial court.[1]  The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2]  Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[3]  A stay is not favored because it can delay a timely resolution of the matter.[4]

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[5]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[6]  A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[7]

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[3] *McCoy*, 2007 WL 2071770, at *2.

[4] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

[5] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[6] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).  Cases in this district frequently refer to these circumstances as "the *Wolf* factors."

[7] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

**II.     Whether This Case Should Be Stayed**

Plaintiff Escalante asserts claims for employment discrimination under Title VII of the Civil Rights Act, alleging he was not selected for employment based on his gender when he applied for a Trial Clerk II position with the 10th Judicial District, Johnson County, Kansas District Court in November 2022. Defendant has filed a Motion to Dismiss seeking dismissal of each and every claim asserted against it in Plaintiff's Complaint on the grounds Plaintiff has failed to property serve Defendant as required by Kansas Law, Defendant is not a proper defendant to a Title VII action, Plaintiff's claims are barred or limited by the doctrines of res judicata and collateral estoppel, and Plaintiff's claims should be dismissed for failure to state a claim.

After reviewing the briefing on both the motion for stay and motion to dismiss, the Court concludes that a temporary stay of discovery and pretrial proceedings—just until the District Judge rules on the pending Motion to Dismiss—is appropriate. First, the Court finds this case will likely be finally concluded as a result of the ruling on the Motion to Dismiss. Second, there has been no showing of a need for discovery that would affect the ruling on the pending motion. Third, permitting discovery to proceed on all issues in the case is very likely to be wasteful and burdensome. Finally, the Court finds any potential inconvenience of a temporary stay until the District Judge rules on the motion to dismiss will not unduly prejudice Plaintiff.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Stay (ECF No. 22) is **GRANTED**. All discovery and other related Rule 26 deadlines, proceedings, and requirements in this case—including the obligation to attend a scheduling conference and to issue or respond to any discovery—are hereby STAYED pending the Court's resolution of Defendant's pending Motion to Dismiss (ECF No. 18). If any of Plaintiff's claims survive after the District Judge rules

on the Motion to Dismiss, the undersigned Magistrate Judge will enter another order setting a scheduling conference.

IT IS SO ORDERED.

Dated August 13, 2024, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge